IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sumana Kondati, individually and on behalf of all persons similarly situated as class representative under Illinois Law and/or as members of the Collective as permitted under the Fair Labor Standards Act;<br><br>Plaintiff,<br>vs.<br>Quality Therapy and Consultation, INC.<br><br>Defendant. | CASE NO 17 CV 1461<br><br>**JURY TRIAL DEMANDED**<br>**ON ALL COUNTS** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiff, Sumana Kondati, individually and on behalf of all others similarly situated, as class representatives, by and through her undersigned counsel of record, upon personal knowledge as to those allegations in which she so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter "IWPCA" ) and brings this cause of action against Defendant Quality Therapy and Consultation (Hereinafter referred to as "QTC") and in so doing states the following:

### NATURE OF THE ACTION

1. Plaintiff, Sumana Kondati, alleges individually and on behalf of herself and other similarly situated current, former and future employees of the Defendant, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiffs

1

and those employees that are similarly situated to the Individual Plaintiffs) that she, under both federal and state wage laws, are entitled to be paid for all hours worked and to receive time and half for all hours worked over forty (40) hours per week.

2. Plaintiff also brings a claim for overtime claims for off-the-clock work specifically that Plaintiff and other employees were not paid for all work time, which included overtime work, thus Plaintiff, Collective and Class are owed overtime wages.

## "NON-BILLABLE" WORK TIME CLAIM FACTS

3. Defendant's failure to pay overtime wages occurs because Plaintiff, Collective and Class are only paid for "billable" time or "productive" time, despite the "Non-Billable" work time being work for the Defendant.

4. Plaintiff and Class are not paid for "non-billable" or "non-productive" time, despite the fact that this work time is work for the Defendant, its considered "non-billable" because the Defendant does not receive payment from insurance companies and/or other agencies for this "non-billable" time. Yet the Plaintiff and class are providing work to the Defendant and performing tasks the Defendant requires during this "non-billable" time.

5. Thus Plaintiff, Collective and Class are paid for eight hours a day, but for all the other tasks performed in a day Plaintiff and class are not paid for this work time, despite that time being overtime work.

6. Plaintiff, Collective and Class, for example, are required, ordered and expected to prepare paperwork, often this work cannot be done during the "billable" work time, thus Plaintiff, Collective and Class complete the work while waiting for the

next patient, yet during this five or ten minutes of work Plaintiff and class are not paid.

7. The total time that Defendant fails to pay Plaintiff and class each day is typically 10-20 minutes of work time.

8. As most employees are full time hourly employees, thus this 10-20 minutes per day (or 50 to 140 minutes a week), are overtime work hours, thus the policy and procedure of not paying for non-billable time shorts the Plaintiff, Collective and Class overtime wages each week.

## "COMP" TIME CLAIM

9. Defendant also fails to pay overtime, despite Plaintiff, Collective and Class working over forty hours.

10. Rather the paying overtime the Defendant provided "Comp time" or compensation time for employees, for the time worked beyond 40 hours.

11. While Comp time payments for overtime are allowed in some *government* agencies, in the private sector "comp time" for hourly workers is not permitted.

12. Again the Plaintiff, Collective and Class are owed overtime wages for overtime work for these hours of overtime labor, not "comp time".

13. This action is brought as a class action pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) ("IWPCA" ).

14. This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for

overtime pay which was not compensated at the proper rate of pay, rate of pay to include all compensation.

15. Plaintiff's federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA; state law and common law claims are brought as a conventional class action.

16. Plaintiff, in her class claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices and attorneys' fees and costs.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

18. This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

19. The Court is authorized to issue a declaratory judgment.

20. Venue is proper in this Court.

21. Defendant does business and is a resident of this District and Division of Federal Court.

## FACTS REGARDING THE PLAINTIFF

22. Plaintiff, Sumana Kondati, is a resident of the State of Illinois.

23. Plaintiff worked as a Clinical Therapist position for the Defendant.

24. Plaintiff was paid on an hourly basis and was classified as non-exempt.

## DEFENDANT CORPORATE FACTS

25. Defendant Quality Therapy and Consultation (Hereinafter referred to as "QTC") is a corporation or business which does business in Illinois.

26. QTC is a medical provider, specializing in therapy.

27. Defendant QTC approximately 25 locations in Illinois.

28. Defendant QTC's 25 locations all provide medical care and specifically therapy to its medical patients.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

### A. Class Allegations under IMWL and IWPCA

29. At each of the Defendant's 25 locations, the Defendant employees at least one employee with the title of "Clinical Therapist"

30. Thus Defendant's employees at least 25 employees with the title of "Clinical Therapist" in the last two years.

31. Some locations for Defendant employ more than one "Clinical Therapist".

32. However, the class is not limited by the title of the Plaintiff, rather is defined by the policy and procedures of the Defendant and those policy and procedures application to many of its employees.

33. For example many other job titles of the Defendant are paid only for billable time and/or are "paid" over time via comp time, rather than overtime.

34. Thus the class would include those employees subject to the policy and procedures of payment of overtime via "comp time" and/or non-payment of "billable" time, not by job title

35. Plaintiff brings state wage law claims, pursuant to the Illinois Minimum Wage Law 820 ILCS 105/1., as individual and class action. The Class is defined as all current, former and future employees of QTC subject to failure to pay overtime via a "Comp Time" policy and/or subject to "non-billable" time policy.

36. Plaintiff's IMWL Class includes claims for all owed wages due for three (3) years prior to the filling of this complaint and until an judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to both Named Plaintiffs and the Class).

37. Excluded from the Class are QTC legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in QTC; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class.

38. **Numerosity:** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants. Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period. The numerosity is also demonstrated by the QTC having 25 Illinois Locations and a

work force of 5 employees at each location and at least one "Clinical Therapist" at each location. It is estimated that there are at least 125 persons in the IMWL Class.

39. **Commonality**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

   a. whether the Defendants employed Plaintiff and the Class within the meaning of the IMWL.

   b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records

   c. whether the Plaintiff and the Class were paid overtime wages pursuant to the overtime provisions of the IMWL.

   d. whether Defendant's engaged in a continuing policy, pattern or practice of failing to pay all overtime wages;

40. **Typicality**: The claims of Representative Plaintiff are typical of the Class.

41. **Adequacy:** Representative Plaintiff will fairly and adequately represent the interests of the Class.

42. **Superiority:** A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual Plaintiff lack the financial resources to vigorously prosecute separate lawsuits in Court against a corporate Defendant like QTC.

43. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

44. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendant.

45. The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

46. IMWL violation claims are brought and maintained as a class for all IMWL claims asserted by the Plaintiff.

47. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

48. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in against the corporate Defendant.

49. The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**B. The FLSA Collective Action**

50. Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of QTC who were, are, or will be employed by QTC during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

51. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all hourly employees employed by QTC who were not paid overtime based on the non-payment of "non-billable" hours and/or providing "comp time" rather than overtime.

52. Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of QTC who have been denied payment of the overtime wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## STATEMENT OF FACTS

**A.     QTC policies and procedures and Compensation Practices fail to pay proper overtime pay**

53. Plaintiff was employed by QTC as an employee of the Defendant and Plaintiff who work beyond forty hours, but for which Defendants failed to pay overtime due to its policy and procedure of not paying for "non-billable" work and/or providing "comp time" rather than overtime.

54. Plaintiff worked as an hourly non-exempt employee.

55. Plaintiff was paid $32.00 per hour for all hours worked less than 40 hours.

56. Plaintiff should have been paid $48.00 per hour for all hours over 40 hours.

57. However, Plaintiff was not paid for all work time, thus Plaintiff was not paid proper and complete overtime wages.

58. Plaintiff estimates that she worked between 1-2 hours off the clock each paycheck and/or each two week period.

59. Further Plaintiff was not paid overtime, rather received "comp time".

60. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

61. Defendant's consented, were knowledgeable of that they were paying the overtime rate of pay incorrectly.

62. Plaintiff is paid on an hourly pay rate and is classified as "non-exempt" employee by Defendant.

63. Plaintiff and the class employees were not paid the proper rate of overtime wages.

64. This is a FLSA violation because the Plaintiff works beyond forty (40) hours, thus Plaintiff is owed time-and-half of her <u>regular pay</u> for ALL hours beyond 40.

65. Further that by forcing her to work off the clock, this is a violation of the Plaintiff's rights under FLSA as she was not paid at time-and-half during these hours and rather is paid nothing for this work time.

66. Further this also a violation of the Plaintiff's rights under Illinois Minimum Wage law and Illinois over-time wage law.

67. The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

### QTC's Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

68. QTC required and permitted Plaintiff, the Class, and the FLSA Collective, to work more than 40 hours in a week. QTC did not pay Plaintiff, the Class, and the FLSA Collective the proper overtime rate for all of these overtime hours.

69. QTC unlawful conduct has been uniform, widespread, repeated and consistent.

70. QTC's willful violations are especially demonstrated by their knowledge that its employees were not paid for all work hours rather paid only "billable" hours and/or did not pay overtime rather forced Plaintiff to take "comp time".

71. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

72. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

## FIRST CLAIM FOR RELIEF
### Class Action Against Defendant
### Under the Illinois Minimum Wage Law "IMWL"

73. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

74. Plaintiff is/was an employee of the Defendant pursuant to the IMWL.

75. Plaintiff is/was employed by QTC as an employee.

76. It is and was at all relevant times, a policy of QTC to not pay its employees for "non-billable" time and/or to not pay overtime rather to have employees take "comp" time.

77. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

78. As a result of the foregoing, Plaintiffs and members of the Class have been damaged in an amount to be determined at trial.

79. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## SECOND CLAIM

### On Behalf of Plaintiff and All Opt-In Employees
### Against Defendant QTC
### As a Collective Action

### (FLSA Claims, 29 U.S.C. § 201 et seq.)

80. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

81. The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

82. The Collective claims include all employees which Defendant has failed to pay at an overtime rate of pay for "un-billable time" and for "Comp time".

83. At all relevant times, Defendant QTC has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

84. At all relevant times, Defendant has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

85. At all relevant times, Defendant has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs and members of the prospective FLSA Class, to work in excess of forty (40) hours per week without compensating such employees for "non-billable" time and/or to not pay overtime rather to have employees take "comp" time.

86. At all relevant times, the work performed by hourly employees including the Plaintiff and prospective FLSA Opt-Ins, employed at Defendant were, and

continue to be, required or permitted by Defendant, for the benefit of Defendant, directly related to such employees' principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant.

87. As a result of the Defendant willful failure to record or compensate its employees – including Plaintiff and members of the prospective FLSA Class – employed by Defendant for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

88. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

89. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

90. Plaintiff, on behalf of herself and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

91. Plaintiff, on behalf of herself and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

92. Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

93. At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were employed by Defendant within the meaning of the FLSA.

94. At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

95. Due to Defendant's FLSA violations, Plaintiff and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the IWML Class, and the FLSA Collective, pray for the following relief:

A. That, at the earliest possible time, the Plaintiff be allowed to give notice of these class actions, or that the Court issue such notice, to all hourly employees who are presently, or have at any time during the three years preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, as who were not paid for "non-billable" time and/or to not pay overtime rather to have

employees take "comp" time. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit if they believe they were paid all wages due.

B. That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, to hourly employees whom have been employed by the Defendants which were not paid for "non-billable" time and/or to not pay overtime rather to have employees take "comp" time. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed.

C. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

D. Unpaid regular wages, and overtime wages pursuant to the IMWL other state wage laws;

E. Compensation originating from QTC company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

F. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

G. Certification of this case as a Class action and/or Collective action;

H. Designation of the Plaintiff as representative of the Class and/or Collective, and counsel of record as Class Counsel;

I. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

J. Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

K. Unpaid wages and liquidated damages pursuant supporting Illinois Department of Labor regulations;

L. Consequential damages;

M. and costs of this action; and

N. Such other relief as this Court shall deem just and proper.

## COUNT IV

### Individual and Class Claims brought under
### Under Illinois Wage Payment and Collection Act "IWPCA"

96. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

97. Plaintiff was employed by Defendant.

98. It is and was at all relevant times, a practice of Defendant to take, without Agreement wages and work time of the Plaintiff, specifically Defendant did not pay Plaintiff and other Class Members for all their work time, without their knowledge and/or consent and/or agreement.

99. Defendant took from Plaintiff and the Class work time by failing to pay employees for all work time, rather only paying them for "billable" time.

100. Defendant did not inform, tell or publish this policy and procedure, rather imposed this on the hourly employees.

101. Plaintiff and Class were offered and accepted a set Rate of Pay to work for Defendant and agreed that they would receive all work hours.

102. By not paying all work hours, rather paying only "billable" work time, Defendant reduced the Agree Rate of Pay in violation of the parties IWPCA Agreed Rate of Pay.

103. Likewise Defendant also imposed on the Plaintiff and Class a requirement for Plaintiff and Class to take "comp" time rather then be paid hourly wages.

104. Plaintiff and Class had no choice, but to take comp time, thus the forced method of compensation was not Agreed.

105. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct.

106. This cause of action arises out of employment contracts or agreements; written and/or oral.

107. One of those Agreements was that Plaintiff was to be paid a set rate of pay for each hour of work.

108. Another of those Agreements was to pay Plaintiff all time worked.

109. Defendant, by shaving Plaintiff's work hours, violated both of those IWPCA Agreements.

110. Plaintiff and Class were not an independent contractors, rather were employees of the Defendant by oral agreement and/or written contract.

111. Plaintiff and Class's employment was in the usual course of business for which such service is performed.

112. Plaintiff does not possess a proprietary interest in the Defendant.

113. The Defendant is an "employer" under the terms of the IWPCA section 2.

Wherefore Plaintiff asks the Court enter a finding that

a) The Employer violated the IWPCA;

b) The Plaintiff and Class be paid of all wages and/or hours due;

c) Plaintiff and Class be paid a two percent (2%) interest penalty of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, in accord with the IWPCA;

d) Payment of Plaintiff and Class's Attorney Fees;

e) Payment of Plaintiff and Class's costs of this action;

f) That, at the earliest possible time, the Plaintiff be allowed to give notice of these class actions, or that the Court issue such notice, to all hourly employees who are presently, or have at any time during the three years preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, as who were not paid for "non-billable" time and/or to not pay overtime rather to have employees take "comp" time. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit if they believe they were paid all wages due.

g) Any and all other relief as the Court finds to promote justice and equity in this matter.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: February 25, 2017

                               Respectfully submitted,

                               By:        -S-John C. Ireland
                                           John C. Ireland

                                 Attorney for the Plaintiffs and Class

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
630-464-9675
Facsimile 630-206-0889          attorneyireland@gmail.com